# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| ACCESS POINT FINANCIAL, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>BHARATHBHAI PATEL, REEMA PATEL, CHARLES PATEL, and BHAGYAVATI PATEL<br><br>     Defendant. | CIVIL ACTION FILE NO.:<br>_____ |

## **COMPLAINT**

Plaintiff Access Point Financial, LLC ("Access Point" or "Plaintiff") files this Complaint for damages against Defendants Bharathbhai Patel, Reema Patel, Charles Patel, and Bhagyavati Patel ("Guarantors" or "Defendants"), respectfully showing this Court as follows:

### **Parties, Jurisdiction, and Venue**

1.     Access Point is a limited liability company organized and existing under the laws of the state of Delaware with its principal office in DeKalb County, Georgia.

2.    Bharathbhai Patel is an individual citizen of the state of California and may be served with process at 3657 Old Santa Rita Road #C, Pleasanton, California 94588 or wherever he may be found.

3.    Reema Patel is an individual citizen of the state of California and may be served with process at 3657 Old Santa Rita Road #C, Pleasanton, California 94588 or wherever she may be found.

4.    Charles Patel is an individual citizen of the state of California and may be served with process at 3657 Old Santa Rita Road #C, Pleasanton, California 94588 or wherever he may be found.

5.    Bhagyavati Patel is an individual citizen of the state of California and may be served with process at 3657 Old Santa Rita Road #C, Pleasanton, California 94588 or wherever he may be found.

6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

7.    Venue is appropriate in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), LR 3.1 (B)(3), N.D. Ga., and the forum selection clause contained in paragraph 14(g) of the Guaranty (defined below).

**Facts**

8.     On or about February 4, 2021, L N Hospitality Denver, LLC ("Borrower") executed and delivered to Access Point at its Georgia address that certain Contribution Promissory Note, in the original amount of $5,200,000.00 (as may have been amended, modified, restated, and/or supplemented from time to time, the "Note") for a loan in the amount of $6,054,494.76 (the "Loan").[1] A true and correct copy of the Note is attached hereto as **Exhibit A** and incorporated by reference.

9.     On or about February 4, 2021 and to secure the Loan, Borrower executed and delivered to Access Point at its Georgia address that certain Pledge Agreement (as may have been amended, modified, restated, and/or supplemented from time to time, the "Lodging Fund Pledge Agreement") pursuant to which Borrower unconditionally granted and assigned to Access Point a continuing first priority security interest and security title to Borrower's legal and beneficial ownership of 1,103,757.7 Series T Limited Units in Lodging Fund REIT III OP, LP. A true and correct copy of the Lodging Fund Pledge Agreement is attached hereto as **Exhibit B** and incorporated by reference.

---

[1] The Note and related loan documents inadvertently misstated the amount of the loan and were amended shortly after execution to correct the amount of the Loan. Those amendments are described in greater detail *infra*.

10.    On or about February 3, 2021 and to further secure the Loan, Guarantors executed and delivered to Access Point at its Georgia address that certain Guaranty Agreement (the "Guaranty") pursuant to which Guarantors irrevocably, absolutely, and unconditionally guaranteed to Access Point the prompt payment when due, of all amounts owed by Borrower to Access Point under the Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit C** and incorporated by reference.

11.    On or about February 22, 2021 and to further secure the Loan, Borrower executed and delivered to Access Point at its Georgia address that certain Deed to Secure Debt and Security Agreement (as may have been amended, modified, restated, and/or supplemented from time to time, the "Security Deed"). The Security Deed granted Access Point a first priority security interest in, among other things, certain real and personal property more particularly defined in Exhibits A and B to the Security Deed. The Security Deed was recorded on March 12, 2021 in the land records of Arapahoe County, Colorado at No. E1042502. A true and correct copy of the Security Deed is attached hereto as **Exhibit D** and incorporated by reference.

12.    On or about March 26, 2021, the Note, the Lodging Fund Pledge Agreement, the Guaranty, and the Security Deed were amended to correct the

original principal amount of the Loan from $5,200,000.00 to $6,054,494.76. True and correct copies of the Amendment to Contribution Promissory Note, Amendment to Pledge Agreement, Amendment to Guaranty Agreement, and Modification of Deed of Trust and Security Agreement (collectively, the "Amendments") are attached hereto as **Exhibit E**, **Exhibit F**, **Exhibit G**, **Exhibit H**, and **Exhibit I**, respectively, and incorporated by reference.

13.    The Modification of Deed of Trust and Security Agreement was recorded on April 1, 2021 in the land records of Arapahoe County, Colorado at No. E1054791. *See* Exhibit I.

14.    The Note, the Lodging Fund Pledge Agreement, the Guaranty, the Security Deed, the Amendments, and all other documents related to the Loan shall be referred to collectively herein as the "Loan Documents."

15.    The Borrower failed to pay monthly payments under the Loan Documents as and when due.

16.    On or about May 17, 2021, Access Point sent a letter to Borrower notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Delinquency Letter"). A true and correct copy of the Delinquency Letter is attached hereto as **Exhibit J** and incorporated by reference.

17.    The Borrower failed to pay as demanded in the Delinquency Letter.

18.    On or about August 30, 2021, Access Point sent a letter to the Borrower and Guarantors notifying them of their defaults pursuant to the Loan Documents and demanding payment in full of all obligations due and owing under the Loan Documents (the "Default Letter"). A true and correct copy of the Default Letter is attached hereto as **Exhibit K** and incorporated by reference.

19.    In the Default Letter, Access Point also notified the Borrower and Guarantors that, pursuant to O.C.G.A. § 13-1-11, the attorneys' fees provisions under the Loan Documents would be enforced, such that unless all amounts due and owing were paid by the Borrower or Guarantors within ten (10) days from the receipt of the Default Letter, the Borrower and Guarantors would be liable for reasonable attorneys' fees and costs.

20.    In the Default Letter, Access Point also notified the Borrower and Guarantors that, pursuant to O.C.G.A. § 13-4-4, Access Point intended to rely on the exact terms of the Loan Documents notwithstanding any alleged prior departure.

21.    The Borrower and Guarantors failed to make payment within the requisite ten (10) days.

22.     As of August 25, 2021, principal, accrued but unpaid interest, and other charges outstanding under the Loan Documents were as follows:

| | | |
|---|---|---|
| Principal | $ | 6,054,494.76 |
| Interest (02/02/2021 – 08/31/2021) | $ | 456,946.17 |
| Default Interest (04/01/2021 – 08/25/2021) | $ | 123,612.60 |
| Exit Fee | $ | 121,089.90 |
| Late Fees | $ | 16,725.56 |
| Payoff Fee | $ | 250.00 |
| TOTAL | $ | 6,773,118.99 |
| | | |
| Per diem interest: | $ | 840.90 |

23.     The aforementioned outstanding principal, accrued but unpaid interest, and other charges outstanding under the Loan Documents are exclusive of costs of collection and attorneys' fees available under the Loan Documents and applicable law.

24.     Additional interest, fees, costs, and charges have continued to accrue and continue to accrue under the Loan Documents from August 25, 2021, going forward.

## COUNT I – BREACH OF CONTRACT

25.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

26.     The Guaranty is a valid and enforceable contract between Defendants and Access Point.

27.     Access Point fully performed its obligations under the Guaranty.

28.     Under the Guaranty, Defendants "irrevocably, absolutely and unconditionally guarantee[d] to [Access Point] the prompt payment when due, whether at stated maturity, by acceleration or otherwise, of . . . the principal sum evidenced by the Note and secured by the [Security Deed], or so much thereof as may be outstanding from time to time, together with interest thereon at the rates of interest specified in the Note, late fees, prepayment consideration, and all other sums which may or shall become due and payable pursuant to the provisions of the Loan Documents."

29.     Defendants breached the Guaranty by failing to pay to Access Point all amounts due by the Borrower under the Note upon demand for same.

30.     Access Point was damaged as a result of the breach of contract described above.

31.     Access Point is entitled to recover from Defendants, jointly and severally, all amounts due, owing, and accruing under the Loan Documents and applicable law, including but not limited to, the amount due and payable under the Note as of August 25, 2021 in the total amount of $6,773,118.99, consisting of $6,054,494.76 in principal, $580,558.77 in accrued interest, and $138,065.46 in fees, with additional interest accruing at the combined (contract and default interest

rate) amount of $840.90 per day, plus such further expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## COUNT II – UNJUST ENRICHMENT

32.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

33.     Access Point provided Defendants a valuable service by advancing money to the Borrower under the Loan Documents.

34.     Defendants requested and knowingly accepted the benefits accruing under the Loan Documents.

35.     Defendants' receipt of the aforementioned benefits would be unjust without compensating Access Point.

36.     Defendants have been unjustly enriched in the amount of the outstanding unpaid principal and interest under the Loan Documents, plus expenses, costs, and attorneys' fees.

37.     Defendants, in fairness and good conscience, should remit to Access Point the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, and applicable law, including but not limited to, the amount due and payable under the Note as of August 25, 2021 in the total amount of $6,773,118.99, consisting of $6,054,494.76 in principal, $580,558.77 in

accrued interest, and $138,065.46 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $840.90 per day, plus such further expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## COUNT III – ATTORNEYS' FEES & COSTS UNDER O.C.G.A. § 13-1-11

38.    The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

39.    Pursuant to the Loan Documents, Defendants are required to pay Access Point all costs, including reasonable attorneys' fees and expenses, incurred by Access Point in enforcing performance or collecting any payments due under the Loan Documents.

40.    Moreover, Access Point made demand upon Defendants for their attorneys' fees and costs pursuant to O.C.G.A. § 13-1-11, on August 30, 2021.

41.    As of the date of this Complaint, Defendants have failed to pay Access Point the amounts outstanding under the Note and Guaranty.

42.    As Defendants failed to make the requisite payment within ten (10) days of the Default Letter, Access Point is entitled to judgment in its favor for statutory attorneys' fees calculated by reference to O.C.G.A. § 13-1-11.

## COUNT IV – ATTORNEYS' FEES & COSTS UNDER O.C.G.A. § 13-6-11

43.    The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

44.    As shown by the above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Access Point undue trouble and expense.

45.    Accordingly, Access Point is entitled to recover its expenses of litigation, including reasonable attorneys' fees, under O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant judgment in its favor and against Defendants, as follows:

(i)    As to Count I:  Judgment against Defendants, jointly and severally, for breach of the Guaranty in the total amount of $6,773,118.99 as of August 25, 2021 (comprised of $6,054,494.76 in principal, $580,558.77 in accrued interest, and $138,065.46 in fees), with additional interest accruing at the combined (contract and default interest rate) amount of $840.90 per day, plus expenses, costs, and attorneys' fees as the same have accrued and continue to accrue;

(ii)    As to Count II: Reimbursement by Defendants to Plaintiff for unjust enrichment, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, and

applicable law, including but not limited to, the amount due and payable under the Note and Guaranty in the total amount of $6,773,118.99 as of August 25, 2021 (comprised of $6,054,494.76 in principal, $580,558.77 in accrued interest, and $138,065.46 in fees), with additional interest accruing at the combined (contract and default interest rate) amount of $840.90 per day, plus expenses, costs, and attorneys' fees as the same have accrued and continue to accrue;

(iii)   As to <u>Count III</u>: An award of Plaintiff's attorneys' fees, costs, and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law;

(iv)   As to <u>Count IV</u>: An award of Plaintiff's attorneys' fees, costs, and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-6-11 and Georgia law; and

(v)   For such other and further relief as this Court deems just, proper, and equitable.

Submitted this 14th day of September 2021.

THOMPSON HINE LLP

*/s/ Alexandra C. Nelson*
Alexandra C. Nelson
Georgia Bar No. 241352
Austin B. Alexander
Georgia Bar No. 926059
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile:  404-541-2905
*alexandra.nelson@thompsonhine.com*
*austin.alexander@thompsonhine.com*

*Attorneys for Plaintiff Access Point
Financial, LLC*

## <u>CERTIFICATE OF COUNSEL REGARDING FONT SIZE</u>

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C)(3) and 7.1(D).

Submitted this 14th day of September 2021.

*/s/ Alexandra C. Nelson*
Alexandra C. Nelson
Georgia Bar No. 241352